IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES C KOLLER, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case no. 23-cv-3132 |
| | ) |
| BUREAU OF ALCOHOL, TOBACCO, | ) |
| FIREARMS AND EXPLOSIVES, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Comes now Plaintiff James Charles Koller III, by and through his attorneys, and pursuant to the Administrative Procedure Act, and 28 U.S.C. 1331 (federal question jurisdiction) bring this action against the Bureau of Alcohol, Tobacco, Firearms and Explosives, as follows:

1. At all times relevant, Plaintiff James Charles Koller, III, is a citizen and resident of Illinois.

2. At all times relevant, Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives is the federal agency responsible for collecting taxes under 26 U.S.C. Chapter 53.

3. At all times relevant, Plaintiff Koller holds a currently valid Type 06 Federal Firearms License, to manufacture ammunition for firearms other than for firearms classified as "destructive devices" or as being "armor piercing" and engages in the business of manufacturing such ammunition.

4. On or about January 1, 2023, Plaintiff Koller submitted to Defendant, in the proper form, and with proper tax payment included, an ATF Form 1, Application to Make and Register a Firearm, which has been assigned document control number 2023343593 by Defendant.

5. That, under the National Firearms Act, 26 U.S.C. Chapter 53, a tax of $200 is imposed upon the manufacture of certain statutorily defined firearms, including "machineguns", and ATF Form 1 is the form used to process the tax collection and register the firearm.

6. That Plaintiff sought to pay this tax, and otherwise comply with the National Firearms Act, so as to enable his business to test ammunition in automatic firearms, so as to be able to compete in the law enforcement ammunition business in Illinois, which must operate with high degree of reliability in order to be used by law enforcement.

7. That the machinegun sought to be made, was to have serial number IRS1934, model HR4332, and was further described as being a "MG conversion kit, i.e. a collection of parts which may be used to convert an otherwise semiautomatic only firearm to a machinegun, said parts to be made inside of this state & not for commercial sale, marked 'James C. Koller III, Naperville, IL'".

8. The stated reason on the form was to why Plaintiff intended to make the firearm was, "testing ammunition per 720 ILCS 34-3(g-5), which grants me authority, under the power and authority of the State of Illinois, through affirmative action of its legislature, to possess said 'machinegun', per 18 U.S.C. 922(o)(2)(A)."

9. That on March 9, 2023, Defendant, through its National Firearms Act branch, disapproved the form, for the stated reason of "state law."

10. However, there is no state law that prohibits Plaintiff, a currently licensed Type 06 ammunition manufacturer, from possessing a machinegun. In fact, the opposite is true, as per 720 ILCS 5/24-2(c)(5), subsection 24-1(a)(7) (which regulates machineguns in Illinois) "does not apply to or affect any of the following" … "Persons licensed under

federal law to manufacture … ammunition for such weapons …but only with respect to activities …such as … testing of such weapons or ammunition….”

11. As such, the denial of Plaintiff's ATF Form 1, on the basis of "state law" is arbitrary, capricious and contrary to law, as no reasonable interpretation of state law prohibits the firearm in question.

12. This Court has subject matter jurisdiction, pursuant to 28 USC 1331 (federal question) and the Administrative Procedure Act.

13. This action is timely, brought within 6 years of the actions complained of.

14. Venue is proper in this District as Defendant office is in this District.

WHEREFORE, Plaintiff Humbly requests that this Honorable Court enter judgment in his favor, and that the disapproval of the ATF Form 1 be vacated and held for naught, and that the matter be remanded back to the agency, with directions to re-process the application, with a correct understanding that state law does not prohibit possession of the firearm in question, plus costs and attorney fees, under the Equal Access to Justice Act, and any other applicable rules or statutes.

Dated:  4-11-2023                                              Respectfully Submitted,

s/Thomas G. Maag

Thomas G. Maag
22 West Lorena Avenue
Wood River, IL  62095
618-216-5291
tmaag@maaglaw.com